to the podium and introduce yourselves. Please call the first case. 11-3038 Byer Clinic & Chiropractic, Ltd. v. State Farm Fire & Chiropractic Company The attorney for Plaintiff Appellant, please. Jeffrey Berman, on behalf of Plaintiff Appellant, Byer Chiropractic Clinic. Mr. Berman? Your Honor. Rosa Tumialan, for State Farm. Okay. Each side has 15 minutes to orally argue. Appellant, reserve from that 15 minutes whatever portion of time you want for rebuttal. Okay. Appellant, you may begin. May it please the Court. Your Honors. Counsel. My name is Jeffrey Berman, and I am here representing Plaintiff Appellant, Byer Clinic & Chiropractic, Ltd. in this matter. I would ask to reserve four minutes for rebuttal from my time for argument. This is an action for declaratory judgment brought by an underlying insured plaintiff against its tortfeasors and the tortfeasors' insurer, seeking a declaration that the tortfeasors' insurer is required to defend and indemnify its insureds in connection with a class action lawsuit asserting claims under the Federal Telephone Consumer Protection Act, the Illinois Consumer Fraud Act, and common law conversion. By order dated June 14, 2011, the trial court dismissed this action in its entirety with prejudice, ruling that no justiciable case or controversy was presented because the underlying injured plaintiff lacks standing to seek a determination of insurance coverage provided to the tortfeasors where the insurer is defending the underlying action under a purported reservation of rights. By subsequent order dated September 12, 2011, the trial court denied plaintiff's motion to reconsider. This appeal was taken pursuant to Illinois Supreme Court Rule 303 from an order that disposes of all issues as to all parties. Byer filed a timely notice of appeal on October 11, 2011. The trial court's decision to dismiss this insurance coverage action should be reversed respectfully because it was based on an erroneous premise that Byer lacked standing to bring the action and thus there was no right case or controversy because State Farm was defending under reservation of rights. The Michigan case is over now, right? It's on appeal, Your Honor. Okay. And your party prevailed in a sense, right? Not you personally, your client, but the insured prevailed, and so State Farm has to provide coverage, right? Under the decision rendered by the trial court in Michigan, the duty to defend exists. That case is still on appeal and is not yet finally determined. State Farm continues to take the position that the trial court was erroneous in Michigan and that it seeks to extinguish both its duty to defend and its duty to indemnify. So the question remains pending in that court as well. Why wouldn't 619A3 apply in this case then? I know that's not what the trial court ruled on, but I understand as well that the same party's act might be true, meaning that your client is not necessarily in Michigan, filed in Michigan, but everybody else is. So why would it be different? If we allow you to proceed here, isn't it conceivable that one of our chancery judges here would disagree with the judge in Michigan and rule against you? And then we'd have two cases out there involving the same insured, the same insurer, which are directly opposed. Couldn't that occur? Obviously, that is a potential scenario. So why should we let that proceed? Because Bayer, the injured plaintiff, has a substantive right in the outcome of the insurance coverage action. We are not a party in Michigan, and we don't have a right to adjudicate our interest in the insurance policy in the Michigan case. And to suggest, and I will submit, Your Honor, that State Farm has offensively suggested or argued in other cases that it can go off to another state, adjudicate with an opponent that is just their insured, and come back and offensively use the outcome of that case to extinguish the rights of the plaintiff. The problem is, if the court in the other case finds no duty to defend, and we all accept the proposition that the duty to defend is broader than the duty to indemnify, then effectively what State Farm would come back here and argue at a subsequent date that there is no duty to indemnify as well as no duty to defend. I understand, Your Honor, that the trial court ruled in favor of the plaintiff in Michigan. We don't have a final determination there. Our rights are still at issue, not only the rights vis-a-vis the duty to defend, but more broadly the duty, or less broadly, the duty to indemnify, which is obviously a significant right and interest of this particular plaintiff, because under the policy articulated by this Court and others in the State of Illinois, the public policy of the State is to ensure that injured parties get compensated and that insurance coverage is available to provide that compensation. If State Farm is allowed or an insurer is allowed to go to another state and adjudicate without the injured plaintiff, then that you present the possibility of extinguishing those rights without the injured plaintiff being a party to the case and able to vindicate their own interests. Well, I would personally just somewhat disagree with you on that during the pendency of the case. So I don't think that you would have race judicata effect, issue preclusion effect, had you lost, had the insurer lost in Michigan. A case which this Court just had two weeks ago in John Crane Industries, a question arose on an asbestos manufacturer, and about a quarter of a million lawsuits were filed, and John Crane Industries is a highly aggressive asbestos manufacturer and filed many, many suits all over the United States against his insurers. And this Court, not this panel, but a different panel, had held what I would call John Crane 1, that they can't do that. And we actually affirmed an injunction to preclude them from doing so, and that can be filed at 391, that's 391, 113, 693, just for the general area of law about, in this case, it's the insured filed suit everywhere. And in your case, your complaint is, well, State Farm is willing to go elsewhere until they find some happy result, and then they'll come in with that. Right? That's correct, Your Honor. And I'm not disagreeing with the Court on the premise that race judicata would not apply, and certainly we've argued that in other cases, and Ms. Toomey-Allen would confirm that because we've argued that together in another matter. The real question is the ability of the insurer to go off and get that judgment and present that to a court here, and impact the judgment of the court, and impact the underlying plaintiff, and create an atmosphere in which the issues appear to be preordained even before they're presented to a court here. And State Farm has actually argued in another case that under the doctrine of representation, that they can, in fact, preclude the injured plaintiff from taking, from arguing contrary to a decision that they would obtain in another jurisdiction in which we were not parties under the theory, and again, this hasn't been sustained, but under the theory that the interest of the insured and the interest of the claimant, vis-a-vis coverage, is coextensive, and therefore somehow our interests are vindicated by only having the insured appear in the case. We've argued strenuously against that concept, but they have taken that position, and we face the prospect of having this court essentially say it's okay to run off and try to do this jurisdictional gerrymandering, or as you said, find a happy place in which to get a judgment, and then bring it back and say to everybody, see, now we've got the upper hand. Isn't that the nature of all class actions? And especially not to attack the whole underlying theory of this case, but since every human being has gotten junk faxes in their lives, if you are unfortunate enough to own a fax machine, and then the theory that State Farm and the insurance industry should come forward with billions of dollars to those of us who receive this junk fax, I don't know that Congress thought that out, that that was a really good idea, but isn't it what state class actions are? There are multiple states involved in this, and guess what? You go to multiple states. That's how this works. Why shouldn't they go somewhere else? Why shouldn't they be initiated in every other state where somebody has filed suit? The simple fact is that due process allows for the filing of class actions by a plaintiff that may include a national class. That doesn't subject the class action plaintiff to impersonum jurisdiction in 50 states, and there's no basis for this court to conclude, and I have another case where I will be arguing that shortly. That very question of how, why would, or should I say, due process requires that there be minimum context, and the filing of an Illinois class action that may or may not include a class member from another state is not minimum context with that other state sufficient to invoke jurisdiction. So that's why, Your Honor, State Farm shouldn't just be able to go off and file wherever they so choose. Well, they're not, because, again, they filed a letter of reservation of rights in this case. And so if we agree with you, wouldn't we have to write an opinion that says that injured parties don't stand in the shoes of the insured in a DEC action, rather they have much greater rights than an insured, because here the insured is not arguing to anybody that they're an insured. Can an insured in Illinois file a DEC action where the insurance company filed a reservation of rights? And can you cite a case of that proposition since I've been here over 16 years and I've never seen one? I mean, the rule is they have to file a reservation of rights or a DEC action. They filed a reservation of rights. I'm sorry, I want to make sure I understand the question, because obviously insured and insurer sound very close. The ELCO decision says that where an insurer has a concern about whether it's going to offer coverage, it has two choices. It may defend under reservation of rights. Which is what happened here. Or it may protect itself against estoppel by filing a timely DEC action. That doesn't say that an insurer can't defend and file a DEC action. But they didn't, right? They only filed here a reservation of rights, which I'd suggest to you. So my question is, you're absolutely correct. So under ELCO or any other case, can you cite a case that stands for the proposition that when an insurer files, not a DEC action, but says we'll defend while reserving our rights, that the insured can still proceed in a DEC action against them to get something greater than that? To what I want a determination now as to whether they have to defend me. I think, Your Honor, I will have to candidly admit that I didn't come prepared with that specific case. Well, let me know, because it doesn't make any sense. Well, it does in one context, Your Honor. I'm sorry, I don't mean to be talking over you. Oh, no, you're not. I talk all the time, so don't worry about it. One of the issues, some issues in this case, and I really didn't intend to get into this in an oral argument, but one of the issues that's alleged in this case is that State Farm issued an invalid reservation of rights because there's a conflict of interest between it and its insured, and therefore, whatever attempt it made to reserve its rights is improper. Under that scenario, Your Honor, I would respectfully submit the insured would be absolutely within its rights to bring a deck action and say they have asserted that they have a right to defend and control the defense in this case, and I have a cooperation clause in my contract, and I don't want to breach my cooperation clause, but I do not accept. Right. Taking that as being true, and the case standing for that proposition is called Davila, D-A-V-I-L-A. Again, it's a yellow cap case. The, how do you, how does the insured party then, how are they able to step in and say I want a deck action, I get to file a deck action, I want to know if the insured has a coverage now, even though the insured can't, I'd suggest can't. Go ahead. And I respectfully believe the insured would be in a position to go forward in that scenario, and I believe that we do as well, for the simple reason that the precedent of this court, and I'm talking about, for example, Perez, going back to Perez, which was the earliest one, but record a hit, Skidmore v. Throgmorton, Rieger, actually Rieger is the 1980 decision of this court, which said that the insured party has a substantive right in the availability of insurance coverage that vests at the time that party is injured, and that right is cognizable, so that the injured party should be able to come forward and say, look, we want to know. The insurer not only is reserving its rights, it's going off to Michigan, and it said to a Michigan court, excuse me, give me, absolve me of any responsibility for this case. We're not even party to that case. And they said, we have a current case or controversy that exists right now. They have affirmatively alleged that, that the question of duty to defend and duty to identify is ripe and cognizable. Well, in all those cases you said, every one of them, right, record a hit, Rieger, et cetera, in all of those, the insurer declined any coverage. Isn't that right? No, no, no. Really, which ones? Perez, I believe. I believe that Perez, there was a duty, they were defending under reservation of rights. Correct. I mean, record a hit in front of me, and they said we're not paying. Rieger, they said we're not paying. Record a hit, disagreed with, I misquoted Zurich. In Pratt, for example. Since I only use quotes, I was surprised. Judge, you asked me for one, I'm going to give you one, because I grabbed this one right on top. Yeah. Pratt versus Protective Insurance Company, 250 Illap 3rd 612, cited in our brief. On the third page of my Westlaw printout, it says, Pratt was seriously injured in the accident. He sued Andrews for negligence. For reasons not included in the record, he did not name Express as a defendant. Nevertheless, Defendant Protective, the insurers for Express, undertook Andrews' defense. Nevertheless, in that case, there was a declaratory judgment filed. The parties adjudicated the duty to defend, duty to indemnify. These, the fact that the defense was undertaken pursuant to reservation. Oh, was Andrews standing in that case then? Pardon me? Did somebody throw out the injured party? In that case, there was a, originally the trial court found that there was no standing and it was reversed. Okay. I'll look it up. I'm glad with your argument. Thank you, Your Honor. Counsel, can I switch gears for a minute? Certainly. You talk about the amended complaint, or lack of amended complaint, I should say. You requested to file an amended complaint? We did. Yes. And that was denied by the trial court. Correct. Did you argue that in your brief? I believe we did, yes. It's intended by State Farm that you did not, and then that that is waived. No, actually, what State Farm argued in its brief was that by asking to amend the complaint that we somehow waived our argument that we had properly alleged the necessary facts in the original complaint, and also that our objection to the fact that the trial court considered the issues of standing and justiciability or ripeness when it was raised in a reply brief as to a motion to dismiss. All right. But the trial court never gave a reason for that ruling, did it? My recollection is no, it did not. All right. And what's your argument that that was improper? Why we should have been allowed to amend the complaint? How so? Well, first of all, Your Honor, to the extent that the court found that there was any issue as to the allegations of the complaint, and obviously on a motion to dismiss we're talking about the sufficiency of the complaint, and the court found that we should have alleged or articulated another theory under the complaint, we should have been allowed at least to present that to the court so that the court would have before it a pleading to address the concerns that were raised by the court in the context of its ruling. We don't believe that the court was correct in the first place, but even if that were not the case, then we should have an opportunity to at least try to address those issues. The court right away, first time, said no, never, you're not coming back. In fact, the court even went so far as to rule on those issues when they weren't articulated in any briefing or in the motion that was actually pending before the court. The motion that was pending before the court addressed the fact that in the complaint, as alleged, we had defined a term for all of the then underlying defendants as INEVA, and State Farm had contended that that was improper because their insured party is actually Dr. Capron, not INEVA. That was the premise of the motion to dismiss. We're like, Judge, we'll clean that up. We'll present it to you in a way that makes that clear, since that was the premise of the motion. Somehow, based on one line in a reply brief, we ended up in this other issue. And that's why I believe at the time my colleague said to the court, look, let us fix the complaint, and then if there is an issue as to rightness, standing, et cetera, they can bring a proper motion and we will brief it properly and we will address it to the court. But that was not what had been raised in the motion presented to the trial court. Could you please conclude? I want to make sure you have rebuttal time. Thank you, Your Honor. Obviously, we have briefed these issues in our briefs, but with due respect, and I understand that Justice Quinn and I have had an exchange of thoughts on the question of standing and rightness, but we do believe that a right case or controversy over insurance coverage exists when an insurer defends, even when it reserves rights to contest coverage. Here, the insurer in question unequivocally alleged in another action, where it sought to extinguish its coverage obligations, both as to defense and to indemnity, that a justiciable case or controversy existed. It is thus stopped from taking a contrary position in this case, in order to deprive buyer of an opportunity to litigate these issues. The rights of an injured party against a liability insurer are vested at the moment the incident occurs, giving rise to the underlying claim against the underlying tortfeasor. As a result, an actual controversy concerning coverage arises at that point,  As a result, a case or controversy did exist here, and buyer had standing to bring suit to litigate it. And as a result, this Court should reverse the trial court's dismissal order, and remand for further proceedings on the merits. And I thank you very much. Thank you, Mr. Berman. Good morning. Good morning. Rosa Tumey-Allen again for State Farm. Your Honors, this appeal was about whether or not the trial court properly dismissed the complaint filed by Buyer Clinic, which alleged or sought a declaration of coverage that State Farm had a duty to defend a party it did not insure. State Farm moved to dismiss that complaint, as it should have, because the complaint was improperly and sloppily pled. And the Court granted that motion and did so with prejudice, because at the time of that dismissal, State Farm was, has been, has always been defending subject to a reservation of right. Now, I said that this appeal was about that because, as Judge Quinn pointed out, the Michigan State Court recently issued an opinion or an order finding that State Farm has a duty to defend its insured, which happens to be a Michigan entity, has a duty to defend the Telephone Consumer Protection Act claims, the TCPA class action claims. In Michigan, that was an issue of first impression, and that's where, that court decided that under Michigan law, as was appropriate, because it is a Michigan issued policy. That renders this appeal moot. And it's moot because there is no effective relief that this court can render, and that is the definition of mootness on appeal. As Judge Quinn discussed with, with my opponent, giving, saying that the, first of all, there's no error on de novo review, which is the only properly preserved issue, because the trial court found during oral argument it was, there was more discussion had about the fact that there is no justiciable controversy, even if they were to clean up the complaint as was discussed at oral argument before the trial court. But even so, they would never be able to get around the fact that State Farm was defending. And as established Illinois law provides, so long as there's a preserved defense, there really is no justiciable controversy on the duty to defend question, because the result would be an unnecessary advisory opinion, that an insurer has a duty to do what it is, in fact, already doing. Can I go back to your issue of mootness? This issue arises now because of the disposition of the Michigan case, right? That wasn't before the trial. Correct. The disposition by the Michigan court happened in April of 2012. So it was well after the court issued its ruling. Here. In the trial court, yes. Yes. But what that does is it underscores the fact that there is no effective relief that can be rendered by this court, even if the court were to agree that there was some error in the trial court remanding this matter, will just result in them filing a duplicative action, presumably on a realigned format, because if you note in the record, it shows that the proposed amended complaint, which was basically attached to the motion to reconsider, it realigned the parties. The insured, which was a defendant, was realigned as a plaintiff. And there are different allegations alleged with respect to the Michigan, the then pending Michigan DEC action complaint. And all that would happen would be, all that would be in front of a chancellor, and they would be faced with a 619A3 motion for same cause, same cause of action, same parties. There's a lot of discussion had by my opponent about how he's not a party, that Bayer Clinic is not a party to the Michigan case, and that they have no right to assert any rights in that case. That's not true. They can intervene. And they have never sought to take that path. Michigan doesn't have the rule that Illinois does that requires claimants to be named as necessary parties. That doesn't mean that a DEC action filed in Michigan is not appropriate. It doesn't mean that Bayer Clinic, who has vested interests in the policy by virtue of its position as a claimant, can't assert indemnity rights at some point in the future should those become justiciable. The only issue here is, is there a justiciable controversy on the defense question? And there simply isn't. And moreover, because the Michigan court has ruled that there is a duty to defend, and State Farm continues to defend, there remains no ability for this court to render effective relief, requiring this appeal to be dismissed as moot. Is there any argument because it hasn't been determined by the appellate court in Michigan that there might be a controversy? No, Judge, because it really doesn't. The justiciable controversy in Illinois will never arise unless and until State Farm takes an action contrary to its reservation of right. It has not withdrawn that defense. And it continues to defend. So unless and until that happens, there was never a justiciable controversy here between State Farm and Bayer Clinic, which is really the only question. And there's a limited instance where an insured tort, excuse me, a tort claimant can initiate a declaratory judgment action on the duty to defend question. And those three criteria are that the injured party is sued by the tort feeser, or excuse me, the injured party sues the tort feeser, the insurer does not provide a defense or otherwise declines coverage, as is what happened in the recorded hit case, and neither the insured or the insurer filed a declaratory judgment action. Those are the criteria that were set out by the Dial Corporation case. We don't have any of those satisfied here. We have a Michigan pending declaratory judgment action in which the duty to defend has already been adjudicated in the trial court level, admittedly unappealed, but still State Farm remains defending. State Farm is defending subject to a reservation of right. It has actually done more than it is required to do under Illinois law. And there's just simply no way to create a justiciable controversy simply because Bayer Clinic believes that it is entitled to assert rights under an insurance policy. It is free to do so in Michigan and simply chose not to take that path. Are you familiar? You've been with the insurance field for a long time. Counsel, are there any cases in Illinois that you're aware of which hold that an insured may file a deck action against their insurer where the insurer has agreed to file under a reservation of right? There is no such case, Your Honor. In fact, an oral argument before the trial court, Bayer Clinic did argue that the recorded hit case was that case. And the judge did not believe that that was true, actually stepped off the bench, reviewed the case, and came back and said, that's not what this case says. The case says you have to have a denial of coverage or a refusal to defend subject to reservation of right before a justiciable controversy can arise. And that actually only makes sense because the duties to defend and the duties to indemnify are completely separate and apart. So just because there's no justiciable controversy in Illinois right now between Bayer Clinic and State Farm does not mean that there may not at some point be a justiciable controversy between Bayer Clinic and State Farm with respect to indemnity. There's no res judicata effect right now between State Farm and Bayer Clinic that prevents Bayer Clinic from pursuing indemnity rights, should it be able to do so because the issue becomes justiciable by virtue of a judgment or some resolution of the underlying case, which we're not there yet. Counsel, clarify what I ask opposing counsel here. Do you argue the issue of waiver relative to their bringing up the issue of the amended complaint? Yes, Judge. They did not preserve that issue for review. The only argument that they preserved was the propriety of the dismissal with prejudice of the complaint. What they did was, and they make that clear in their appellate brief where they say that the standard of review is de novo. If they were actually preserving or attempting to preserve the denial of the leave to amend piece, that is reviewed by subject to an abuse of discretion. They did not make that argument. The only argument they do make in their reply brief is that the issues are intertwined, that it's one or the other, and it's actually, it can't be, because did the trial court properly dismiss the complaint that was before it, before the motion to reconsider was filed? That's really the only question. On the motion to reconsider, which is really nothing more than a disguised motion for leave to file an amended complaint, all new facts were brought in, and those facts and that analysis, that needs to be reviewed subject to a completely different standard. What the court had before it when it dismissed with prejudice was a complaint that sought relief against the wrong party and alleged that State Farm was defending its insured subject to a reservation of right. There is no case in the state of Illinois that says that that creates a justiciable controversy. It does not fall within the Dial Corporation exception, those three criteria, and the court properly found that a dismissal with prejudice at that time on the defense issue was appropriate. The trial court did make clear that a complaint relating to indemnity could be filed or could be pursued because it's a separate issue and there was no res judicata effect. But the Michigan State Court opinion renders really any effort here moot because there is nothing that can be effectively rendered by this court. A remand to the trial court will result in duplicative proceedings and would prompt a 2-619-A3 motion, which in our opinion should be granted by virtue of the fact that the Michigan case has been pending and is as far along as it is. For those reasons, Your Honor, we would ask that the judgment of the trial court be affirmed. Thank you. I will be very brief, Your Honor. Thank you, Judge. I very much appreciate that. I want to address the question of mootness. Right now, pending before the Michigan Appellate Court, is an appeal filed by State Farm in which it continues to press its claim that it has no duty to defend or duty to indemnify. The question is not rendered moot as to duty to defend or indemnify until there is a final judgment, if at all, and that judgment is not moot or is not final. In fact, going back further, the decision of the trial court in Michigan was rendered in April of 2012. A motion to reconsider was denied in May of 2012. State Farms never argued that this case was moot until they stepped up right here. I would submit that that argument is waived, and in any event, it is not moot, Your Honor. This is still a live controversy because State Farm continues to seek to extinguish the rights of the insured and the tort claimant by virtue of its Michigan action, which remains pending because it is before the appellate court. Do you agree it would be moot if the Michigan Appellate Court ruled against you or your client? We're not a party to that case. Oh, I'm sorry. You're right. Against the other party in that case, then. Right. And that's part of the inherent problem here is that we're not party to that case. So whatever that happens in that case, and I believe it was Judge Quinn who pointed out that that wouldn't be res judicata as to us in any event. But your case record of hit says 619A3 may apply, right? Record of hit says that 619A3 could apply when it is in the appropriate circumstances. We would respectfully submit this is not that circumstance. And record of hit acknowledged Pratt. And what Pratt said, and I quote, the court relied in Pratt, the court relied on the reasoning and rigor when it concluded that claimants in tort actions may always bring a declaratory judgment action to determine a tortfeasor's coverage under an insurance policy. We believe that in cases where an actual controversy exists between a tort claimant and the tortfeasor's insurance carrier, the holding of Pratt represents an accurate statement of the law without the limitation imposed by the dial court, which is the court that the counsel referenced a moment ago. That's on record of hit. And Skidmore says that Pratt involved an insurer who declined to cover and had filed a debt claim. And respectfully, Your Honor, that we would. Well, look it up. I know. I've seen that case. And respectfully, I would submit that it's not a distinction that bears in this case for two reasons. One, because State Farm has affirmatively alleged that there's a case of controversy that exists, and they are judicially estopped. And to come into this court and to say you can't hear from Bayer because we went off to another state and decided that was a more favorable form. Well, that is where they sold the policy, isn't it? I mean, you know, the Chunk Facts guy, the rat in this case, if I may, he's in Michigan. He's a Michigan dentist that sent this stuff out, right, or whatever it is. The stuff came from Michigan, and it's a Michigan insurance policy, right? That is correct. It's not like they ran to Florida or somewhere, right? But the genesis of the insurance coverage claim is the case that was filed here and the underlying facts here. And the plaintiff, whose interests are very much at stake, and this Court has recognized. Well, again, their interests are somebody received X number of sheets of paper, and now they're seeking many thousands of dollars. That's what the individual injured party's stake is, is it not? Actually, Your Honor, what the individual stake is would be $500 statutory damages as stated by Congress in the TCPA. Right. Not thousands of dollars. And again, not to quarrel with the Court. Well, don't you get it for each time they send it to you? I mean, when we got these things, you'd get them at 20 a day. Depending on whether the individual received multiple faxes from Dr. Capron, yes, it could be more than $500. But the individual claim is the statutory damages as specified by the TCPA or the damages that would be recoverable under conversion. For a piece of paper, a ream of paper costs $2, whatever. And obviously, that question will be before the Illinois Supreme Court in Lay, and I'm not here to argue that case. Is that in front of their? Standard Mutual v. Lay is a case in which the Court will address the damages recoverable under the TCPA, and whether they're punitive or penal in nature, or whether they're compensatory. And that is actually pending before the Court right now. And I don't want to get too far afield. Did they take the PLA? Yes, they did. Great. That would solve a lot of problems. Yes, it will. And obviously, we all have an interest in seeing that that question be resolved, finally, from both the perspective of the plaintiff and the defense. But, Your Honor, to return back to the primary premise here, State Farm has run off and attempted to extinguish the rights of people with interest in this claim by going to another state. Our law recognizes that we are necessary parties to a determination of that case. Our law recognizes that our interest arose at the time of the actual occurrence. Whether it's a small occurrence or a large occurrence doesn't change the fact that we have an interest. And an interest deserves to have its day in court. And by allowing them to go to Michigan, you're depriving us of the opportunity to adjudicate it. The decisions of this Court, going all the way back to Rieger, well, they may not factually be on all fours. And I'm not arguing with the Court on that. Nevertheless, support the premise that we have a right. We have a right to be heard. And our right is no different than that of the insured. And we should have an opportunity to bring that forward before this Court or before the trial court and not be precluded from doing so based on the circumstances here and especially where the insurer has gone and affirmatively alleged the existence of a controversy in an attempt to avoid litigating with us. And respectfully, Your Honor, we urge you to return the case to the trial court and have it proceed on the merits. Thank you very much. Thank you, counsels, for your excellent argument and your briefs. This matter is taken under advisement.